UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASEY WIERMAN,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>REVENEER, INC., a Massachusetts<br>corporation,<br><br>        Defendant. | Civil Action No. _____<br><br>**Jury Demanded** |

## CLASS AND COLLECTIVE
## ACTION COMPLAINT AND JURY DEMAND

1. This class action is brought by Plaintiff Casey Wierman, on behalf of himself and all others similarly situated, who have worked for Defendant Reveneer, Inc.

2. This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated co-workers who have worked for Defendant as inside salespeople in the job titles: Sales Development Representative and Business Development Representative (individually a "Sales Employee" and collectively "Sales Employees").

3. By failing to pay Sales Employees overtime compensation for hours worked over 40 in one workweek, Defendant violated, and continues to violate, the Massachusetts Overtime Law, M.G.L. c. 151, § 1A, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff seeks restitution from Defendant of all wages of which he was deprived, and all other relief to which he is entitled.

## PARTIES

1. Plaintiff Casey Wierman is an adult resident of New Hampshire. Mr. Wierman

worked for Defendant as a Sales Employee in and around Lexington, Massachusetts, from approximately October 2021 to February 2022 .

2.     Defendant is a Massachusetts corporation with its principal place of business located at 10 Maguire Road, Lexington, MA 02421.

3.     Defendant is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

4.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

5.     Defendant was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

6.     Plaintiff was Defendant's "employee[s]" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

7.     Plaintiff's consent form to act as representative party Plaintiff in the FLSA overtime action are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

8.     This Court has general federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 since the Plaintiff have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7.     This Court has jurisdiction over Plaintiff's Massachusetts state law claims pursuant to 28 U.S.C. § 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

8.     Venue is proper in this district under 28 U.S.C. § 1391.

## STATEMENT OF FACTS

9.     Defendant is a sales enablement company that provides inside sales services for

clients.

10. All Defendant's Sales Employees conduct their sales duties primarily "inside" – i.e., from Defendant's office or their homes – via phone, email, and internet outreach. Sales Employees do not meet customers in person.

11. Plaintiff and Sales Employees are paid on a salary, plus incentive and/or commission basis.

12. Defendant maintains a high-pressure sales environment, and it imposes on Sales Employees aggressive sales quotas. In doing so, Defendant regularly evaluates metrics like the number of outbound calls made, emails sent, and meetings booked by its Sales Employees.

13. Defendant, for example, requires its Sales Employees, weekly, to make hundreds of cold calls, to make scores of additional prospective client touches through emails and LinkedIn InMails, and to book sales meetings.

14. Sales Employees' sales goals and the corresponding metrics imposed by Defendant are aggressive and difficult to attain without Sales Employees' working significant hours, including time worked in excess of forty hours in one or more individual work weeks.

15. Plaintiff often made hundreds of calls a week , in addition to working in the evenings. .

16. Plaintiff and Sales Employees could not reasonably perform their jobs and complete their required job duties in a traditional "9 to 5" schedule.

17. Defendant did not require Plaintiff and Sales Employees to record the number of hours they worked each day on any timekeeping system.

18. Defendant does not maintain or possess timekeeping records that show with precision the number of hours Plaintiff or Sales Employees worked in individual work weeks.

19. Plaintiff and Sales Employees worked in excess of 40 hours in one or more individual workweeks

20. Defendant did not pay overtime to Plaintiff or Sales Employees for the time they worked in excess of forty hours in one or more individual work weeks.

21. Defendant classified Plaintiff and other Sales Employees as exempt from overtime pay.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this class and collective action, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 151, § 1B, and FLSA Section 216(b), respectively, on behalf of the following class/collective :

> All Sales Employees who are currently or have been employed by the Defendant in the State of Massachusetts from December 22, 2019 through the entry of judgment in this case.

23. The proposed class satisfies all the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. The proposed class is so numerous that joinder of all class members is impracticable; there are questions of law and fact raised by Plaintiff's claims common to all members of the proposed class; these common issues predominate over any individualized issues; Plaintiff's claims are typical of all Sales Employees' claims; Plaintiff and his counsel are adequate representatives of the class; and class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

24. The proposed collective satisfies all the requirements for collective certification because Plaintiff and the members of the proposed collective are similarly-situated within the meaning of FLSA § 216(b). Plaintiff's consent form commencing this case as a collective action are attached as Exhibit A.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25. Pursuant to the Massachusetts state law requirements set forth in M.G.L. c. 149, § 150, Plaintiff filed a wage claim with the Office of the Attorney General and has received a letter granting him permission to file this Action.

## COUNT I
## FAILURE TO PAY OVERTIME UNDER MASSACHUSSETS LAW

26. Plaintiff hereby reallege and incorporates all paragraphs above, as if fully set forth herein.

27. Defendant's failure to pay Sales Employees one and a half times their regular rate of pay for hours worked in excess of forty per week violates M.G.L. c. 151, § 1A. This claim is brought pursuant to M.G.L. c. 151, § 1B.

## COUNT II
## FAILURE TO PAY OVERTIME UNDER THE FLSA

28. Plaintiff hereby reallege and incorporates all paragraphs above, as if fully set forth herein.

29. This count arises from Defendant's willful violation of the FLSA, 29 U.S.C. § 201 *et seq.*, for its failure to pay Plaintiff and other similarly-situated employees overtime wages at a rate of one and one-half times their regular rates of pay for all time worked over forty (40) hours during individual work weeks.

30. In one or more work weeks during the prior three (3) years, Plaintiff and similarly-situated employees worked for Defendant in excess of forty (40) hours per week.

31. Pursuant to 29 U.S.C. § 207, Plaintiff were entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours during individual work weeks.

32. In one or more work weeks during the last three (3) years, Defendant did not pay

Plaintiff one and one-half times his regular rate of pay for the time they worked over forty (40) hours in individual work weeks.

33. Pursuant to 29 U.S.C. § 207, other similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

34. In one or more work weeks during the last three (3) years, Defendant did not pay one or more similarly-situated employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual work weeks.

35. Defendant violated the FLSA by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

36. Defendant violated the FLSA by failing to pay one or more similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

37. As a direct and proximate result of Defendant's willful violations of the FLSA, Plaintiff and other similarly-situated employees have suffered a loss of income and other damages.

38. Plaintiff and other similarly-situated employees are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

**JURY DEMAND**

Plaintiff requests a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action;

2. Designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of

        the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

3. Restitution for all wages and other damages that are owed to Plaintiff and class members as described above;

4. Liquidated damages and statutory trebling of all wage-related damages;

5. Attorneys' fees and costs;

6. Prejudgment interest; and

7. Any other relief to which the Plaintiff and class and collective members may be entitled.

Dated: December 22, 2022

Respectfully submitted,

CASEY WIERMAN,
individually and on behalf of all other similarly situated,

By his attorneys,

_____
Matthew W. Thomson, Mass. BBO# 682745
Sarah Schalman-Bergen (*pro hac vice* anticipate)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994–5800
mthomson@llrlaw.com
ssb@llrlaw.com

Douglas M. Werman (*pro hac vice* anticipate)
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com


Sally J. Abrahamson (*pro hac vice* anticipate)
**WERMAN SALAS P.C.**
35 18th Pl NE
Washington, D.C. 20002
Telephone: 202-830-2016
sabrahamson@flsalaw.com

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

I represent I have been employed by Reveneer, Inc., and/or its parents, subsidiaries, and affiliated entities within the past three years; that I have worked in excess of 40 hours during an individual workweek for the Defendant; and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

DocuSigned by:

*CASEY WIERMAN*

CE6D5EAFD05E4F2...

Signature

CASEY WIERMAN

Name